# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE** | |
| **Plaintiff,** | **Civil Action No. 16-4882 (BRM)** |
| **v.** | **MEMORANDUM OPINION** |
| **RIDER UNIVERSITY** | |
| **Defendant.** | |

This matter comes before the Court upon Plaintiff John Doe's ("Plaintiff") Motion for Permission to Proceed under a Pseudonym against Defendant Rider University ("Defendant" or the "University"). (Docket Entry No. 4). Plaintiff requests that the Court allow him to proceed under the pseudonym "John Doe" in order to protect his privacy and reputational interests. (Pl. Br. at 1; Docket Entry No. 5). He also requests that the Court permit him to use a pseudonym to protect the identities of the female complainants from the underlying disciplinary proceeding as well as the identity of a male student involved in the incident that gave rise to the underlying disciplinary proceeding. (*Id.*) Plaintiff asks that these individuals be respectively referred to as "Jane Roe," "Jane Roe 2," and "Joe Doe." (*Id.*) Defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion for Permission to Proceed under a Pseudonym, opposing only the use of a pseudonym by Plaintiff. (Docket Entry No. 27). Plaintiff then filed a Reply Brief in Further Support of his Motion for Permission to Proceed under a Pseudonym. (Docket Entry No. 28). The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's Motion. The Court considers Plaintiff's Motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for

Permission to Proceed under a Pseudonym is GRANTED in part and DENIED in part. Specifically, the Motion is granted as to the use of a pseudonym for the non-parties: "Jane Roe," "Jane Roe 2," and "Joe Doe," but denied as to Plaintiff himself.

## I.   Background and Procedural History

On August 10, 2016, Plaintiff filed a Complaint against Defendant alleging breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the New Jersey Consumer Fraud Act, promissory estoppel and reliance, negligence, intentional infliction of emotional distress, violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et. seq., and entitlement to a declaratory judgment.  (*See, generally*, Pl. Cmplt.; Docket Entry No. 1).  Shortly thereafter, on August 22, 2016, Plaintiff filed the instant Motion for Permission to Proceed under a Pseudonym.  On September 23, 2016, the Court entered a Stipulation and Consent Order extending Defendant's time to Answer or otherwise respond to Plaintiff's Complaint to December 10, 2016 and also adjourning the return date for Plaintiff's Motion for Permission to Proceed Under a Pseudonym until December 19, 2016.  (Docket Entry No. 8).

In order to accommodate the parties' mediation efforts, the return date for Plaintiff's Motion was again adjourned until February 21, 2017.   (Stipulation and Order of 1/18/2017; Docket Entry No. 15).  Plaintiff's Motion was later terminated when the matter was stayed to afford the parties additional time to resolve the case.  (Letter Order of 1/27/2017; Docket Entry No. 16).  Unfortunately, a resolution could not be reached and a schedule was set.  (Stipulation and Consent Order of 2/1/2017; Docket Entry No. 17).  While briefing on Plaintiff's Motion remained ongoing, Plaintiff's counsel gave a statement about Plaintiff's case to the press.  (*See* Ex. A to Stio Decl. at 4-5; Docket Entry No. 27-2).  Defendant filed its opposition to Plaintiff's

Motion for Permission to Proceed under a Pseudonym on April 3, 2017.  (Docket Entry No. 27).

Plaintiff filed his reply in further support of the Motion on April 10, 2017. (Docket Entry No.

28).  Plaintiff's Motion for Permission to Proceed under a Pseudonym was officially relisted on

February 23, 2018.  (Text Order of 2/23/2018; Docket Entry No. 40).

      This case arises out of a disciplinary hearing conducted by Defendant in which the

University found Plaintiff responsible for sexually assaulting Jane Doe.  Plaintiff is alleging

harm caused by what he claims was an unfair disciplinary process.  (Pl. Cmplt. ¶¶ 1-15).  The

pertinent events leading up to the disciplinary hearing are as follows:  Plaintiff and Joe Doe

encountered Jane Doe and Jane Doe 2 in the boys' restroom at Poyda Residence Hall during the

early morning hours of October 18, 2015.  (*Id*. ¶ 20).  Both girls had clearly been drinking. (*Id*.

¶ 22).  They agreed to go to Joe Doe's dorm room upon being invited by Plaintiff and Joe Doe.

(*Id*. ¶ 23).  While in Joe Doe's room, the girls and boys engaged in sexual conduct.  (*Id*. ¶¶ 24-

27).  The nature of this encounter was the subject of the underlying disciplinary proceedings. (Pl.

Br. at 2).  At the disciplinary hearing, the University found Plaintiff guilty of sexual assault on

Jane Doe and he was expelled.  (*Id*. at 3).  As previously noted, Plaintiff initiated this litigation in

order to address the University's alleged flawed disciplinary process.

      Given the nature of the underlying disciplinary proceeding, the purpose of Plaintiff's

lawsuit, and a desire to protect the identities of not only Plaintiff, but also Jane Doe, Jane Doe 2

and Joe Doe, Plaintiff filed in the instant Motion for Permission to Proceed under a Pseudonym.

## II.    Legal Standard

      An essential element of the United States' judicial system is that judicial proceedings are

to be conducted in public. *See, e.g., Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  Pursuant

to FED.R.CIV.P. ("Rule") 10(a), the parties to a lawsuit must identify themselves by name in their

pleadings. Rule 10(a) (stating, "[t]he title of the complaint must name all the parties"); *see Megless*, 654 F.3d at 408 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)).  It is from this Rule that courts derive the principle that it is proper to conduct judicial proceedings in public.  *Doe. v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 2011). Indeed, identifying the litigants is an essential element of public proceedings.  *Id.* "Use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

Nevertheless, litigants may seek an exception to the general requirement of open litigation by filing a motion to proceed under a pseudonym.  Though the Federal Rules of Civil Procedure do not specifically authorize the use of a pseudonym by litigants, courts have allowed parties to proceed anonymously in exceptional circumstances.  *See, e.g.*, *Megless*, 654 F.3d at 408; *S. Methodist. Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979).

Courts must exercise their discretion to determine when exceptional circumstances outweigh the strong public interest in open litigation.  Exceptional circumstances justify the use of a pseudonym when a reasonable fear of severe harm outweighs the strong public interest in open litigation.  However, a litigant's fears of embarrassment or economic harm, no matter how well-founded, do not generally warrant use of a pseudonym. *Megless*, 654 F.3d at 408.

To justify the use of a pseudonym, the moving party must show both (1) fear of severe harm and (2) that the fear of severe harm is reasonable. *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Examples of cases where courts have allowed parties to proceed under a pseudonym include those involving "'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children,

4

AIDS, and homosexuality.'" *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D.Pa. 1990)).

Courts employ a balancing test to determine whether a reasonable fear of severe harm outweighs the public interest in open litigation.  Specifically, as set forth in *Megless*, 654 F.3d at 409, the Court uses the balancing test laid out in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D.Pa. 1977) (the "Provident Life" test).  According to the *Provident Life* test, the Court first considers the following factors that support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Provident Life*, 176 F.R.D. at 467-68.  Then, the Court considers the following factors that weigh against allowing a party to proceed under a pseudonym:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*  However, the Court also recognizes that the aforementioned factors are non-exhaustive, and any "'[other] factors which the facts of the particular case implicate'" must also be considered. *Megless*, 654 F.3d at 409 (quoting *Provident Life*, 167 F.R.D. at 468).[1]

---

[1] Neither party disputes that the non-parties to this matter – Jane Roe, Jane Roe 2 and Joe Doe – should be permitted to remain anonymous.  Instead the focus of Plaintiff's motion and Defendant's opposition is on Plaintiff's request that he personally be permitted to proceed under a pseudonym.  The Court finds that the *Provident Life* factors support Plaintiff's request that the non-parties be permitted to remain anonymous.  The public interest in open judicial proceedings does not outweigh these non-parties' private interests in remaining anonymous.

### III.    Analysis

Under the *Provident Life* test, the Court first considers the factors that support the use of a pseudonym.  The Court begins with the extent to which the identity of Plaintiff has been kept confidential. Courts have found that a litigant has made substantial efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive information to few other people. The strength of this factor is increased where that litigant has taken prior steps to maintain anonymity within the judicial system.  For example, the plaintiff in *Provident Life* wished to remain anonymous to avoid public disclosure of his mental illnesses.  *Provident Life*, 176 F.R.D. at 468 (indicating plaintiff suffered from anxiety disorder, dysthymic disorder, adult attention deficit disorder, personality disorder, immature, inadequate, passive aggressiveness, and occupational stress).  Indeed, the plaintiff only disclosed the fact that he suffered from mental illnesses to his immediate family and medical providers.  *Id*.  Prior to filing his complaint, he requested that the defendant agree to keep his identity confidential.  *Id*.  The *Provident Life* court found these factors persuasive in their ultimate decision to allow the plaintiff to proceed under a pseudonym. *Id*. at 469.

Similarly, in *Doe v. Oshrin*, the court permitted the plaintiff to proceed under a pseudonym, finding that the extent to which the plaintiff's identity had been kept confidential was one of several factors supporting anonymity. 299 F.R.D. 100 (D.N.J. 2014) (involving plaintiff who was victim of child pornography currently circulating on internet).  There the court determined that the plaintiff had made "significant efforts" to maintain the confidentiality of her identity.  *Id.* at 103.  Indeed, the court noted that in addition to keeping her identity confidential within the current action, the plaintiff had kept her identity confidential through the criminal proceeding against the defendant.  *Id*.

6

In the present action, the Court finds that this factor neither truly weighs in favor of, nor militates against, Plaintiff's Motion for Permission to Proceed under a Pseudonym.  While Plaintiff asserts that he has taken "scrupulous steps" to maintain the confidentiality of his identity in relation to the underlying disciplinary proceeding, arguing that he has not disclosed his involvement in this matter beyond his immediate family, attorneys, clergy, and counselor (Pl. Br. at 7), Defendant notes that Plaintiff also disclosed his involvement to at least six other individuals – namely, a high school guidance counselor, a baseball coach, a high school friend, a high school principal,  the mother of a friend and a friend of the family – as they were all called by Plaintiff as witnesses at the University's disciplinary hearing. (Def. Opp. Br. at 6; Docket Entry No. 27).  While Plaintiff maintains that, despite this more expanded disclosure, he has not disclosed his identity beyond those necessary to counsel him or aid him in the resolution of the disciplinary proceeding or this matter (Pl. Reply Br. at 3; Docket Entry No. 28), Plaintiff's failure to fully identify those with knowledge of his identity in relation to the disciplinary proceeding in his opening brief gives the Court pause.  Indeed, while Plaintiff may have limited the disclosure of his identity to those "necessary" to counsel him and aid him in resolution of the matter, it is unclear exactly how broadly Plaintiff has extended the bounds of disclosure.

Further, to the extent Plaintiff argues that the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, ("FERPA"), supports his argument that he has undertaken substantial efforts to maintain the confidentiality of his identity and therefore should be permitted to proceed anonymously, the Court finds this argument to be minimally persuasive at best.  As Plaintiff notes, FERPA generally requires the University to maintain the confidentiality of Plaintiff's educational records.  29 C.F.R. § 99.30.  As such, the University cannot simply disclose Plaintiff's involvement in the underlying disciplinary proceeding to whomever it wants,

whenever it wants.[2]  Instead, FERPA works to maintain the confidentiality of Plaintiff's

involvement in the disciplinary hearing.  FERPA, however, has nothing to do with Plaintiff's

efforts to maintain his anonymity, which is what courts have found to be persuasive.  *See*

*Provident Life*, 176 F.R.D. at 468 (finding plaintiff's efforts to protect his identity persuasive in

allowing him to proceed under a pseudonym); *Oshrin*, 299 F.R.D. at 103 (finding plaintiff had

made "significant efforts" to protect her identity).   As a result, arguments based on the privacy

granted by FERPA do little to persuade the Court that Plaintiff should be permitted to use a

pseudonym.

    For the reasons set forth above, the Court finds this factor – the extent to which Plaintiff's

identity has been kept confidential – to be neutral.  The degree to which Plaintiff's identity has

been disclosed in relation to the underlying disciplinary proceedings neither favors nor disfavors

his use of a pseudonym.

    Next, the Court turns to the grounds on which Plaintiff seeks to avoid the disclosure of

his identity and the substantiality of said bases. The Court finds that this factor does not favor

Plaintiff's Motion since the fears he has expressed do not amount to reasonable fears of severe

harm.  Again, the Court notes that only exceptional cases will warrant the use of a pseudonym

because the grounds on which the litigant seeks use of a pseudonym constitute reasonable fears

of severe harm.  Instances in which courts have found this factor to favor anonymity include:

where foreign garment workers' fear of being terminated or blacklisted if identified as plaintiffs

pursuing Fair labor Standards Act violations had extraordinary consequences because the loss of

their jobs could result in them being deported and then arrested and imprisoned by their own

---

[2] There are, obviously, exceptions.  For example, FERPA does not extend its confidentiality protections to
disclosures to a court where the student or the student's parents have initiated a lawsuit against the school.  29
C.F.R. § 99.31 (a)(9)(iii)(B).

government based on their failure to pay their debts to recruiters (*see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071-72 (9th Cir. 2000)); and where the plaintiff, a victim of child pornography still being circulated on the internet, was pursuing claims of sexual abuse and feared both the exacerbation of the pain and embarrassment she suffered as a result of the defendant's actions as well the possibility that pedophiles would stalk and revictimize her if her identity was revealed in court. *See Oshrin*, 299 F.R.D. at 102-03.  Plaintiff has not alleged any similar fear of such severe and extraordinary harm.  Instead, Plaintiff alleges that if he is required to proceed publicly, he will suffer both because of the severe social stigmatization generally attached to accused sex offenders and because being associated with sexual assault will make it difficult for him to gain admission to other colleges and/or obtain employment.  (*See* Pl. Br. at 7-8).  The Court, however, finds that these fears are more similar to those expressed by the plaintiff in *Megless*, which were insufficient to support the plaintiff's request for anonymity.

In *Megless*, the plaintiff filed suit against the Security Director of Upper Merion School District and the Chief of Police of Upper Merion Township for § 1983 violations based on their distribution of a flyer identifying the plaintiff and indicating that he has been known to hang around the Township's schools, that to date the plaintiff had not approached any children, but that his mental status was unknown and that if he was seen, people should "stop and investigate." *Megless*, 654 F.3d at 406-07 (internal quotation marks omitted).  The plaintiff sought to proceed anonymously, arguing that he feared people would believe he was a pedophile and that he would suffer harm from the social stigma attached to pedophiles. *Id*. at 410.  The *Megless* court, however, clarified that whether or not plaintiff was a pedophile was not at issue in the case; rather, the case sought to determine the propriety of the defendants' distribution of flyers cautioning the public about the plaintiff's presence in school zones.  *Id*.  The court then noted

that open litigation afforded the plaintiff an opportunity to "clear his name" from any conceptions that he was a pedophile. *Id*. As a result, the *Megless* court found that the plaintiff had not met his burden of showing that this factor weighed in favor of granting him anonymity. *Id*.

As in *Megless*, whether or not Plaintiff, here, committed sexual assault is not before the Court. Instead, the issue is whether or not the University subjected Plaintiff to an unfair disciplinary proceeding. While the Court appreciates that unlike in *Megless* Plaintiff's identity was not disclosed to a segment of the general population, the Court, nevertheless, finds that Plaintiff's fear of social stigma fails to outweigh the general interest in favor of open judicial proceedings. As in *Megless*, open litigation will provide Plaintiff the opportunity to establish that the University's disciplinary proceedings were unfair and that he should not have been expelled for violating the University's policies. Doing so would allow him to disassociate himself from any involvement in a sexual assault. Further, Plaintiff's concerns regarding difficulties he may experience gaining admission to other colleges and/or obtaining employment are not of such a severe or extraordinary nature to support Plaintiff's request for anonymity. Instead, these fears, though reasonable, amount to little more than a fear of embarrassment or economic harm. As the Third Circuit noted in *Megless*, fears of "embarrassment or economic harm" do not without more outweigh the strong public interest in open litigation. *Id.* at 408. As such, the Court finds that this factor does not support Plaintiff's motion to proceed under a pseudonym.

Third, the Court considers the magnitude of public interest in maintaining the litigant's confidentiality.  The Court finds that this factor is at best neutral.  The public may have an interest in maintaining a litigant's confidentiality when the litigant belongs to a particularly vulnerable class,[3] when the subject matter is highly personal,[4] or when undesirable consequences will flow from revealing the identity of a litigant.[5]  When the public has an interest in protecting the identity of a litigant, either because the litigant is a member of a particularly vulnerable class, the subject matter is highly personal, or undesirable consequences would flow from open litigation, this factor may favor anonymity.

However, the fact that a litigant is a member of a particularly vulnerable class, the case involves highly personal subject matter, or undesirable consequences may flow from open litigation is not in itself dispositive on the weight of this factor.  Instead, courts must examine the particular facts of the case to determine if the public interest favors anonymity.  For example, while the public may typically have an interest in protecting the identity of litigants who suffer from mental illnesses (see *Megless*, 654 F.3d at 408), there are instances when anonymity will not be warranted.  In this regard, the Seventh Circuit determined that a litigant suffering from obsessive-compulsive disorder ("OCD") did not invoke the public interest in preserving anonymity, finding that OCD is a common ailment which does not carry the risk of stigma and

---

[3] Relevant vulnerable classes include minors, the mentally ill, and victims of sexual assault.  *See Oshrin*, 299 F.R.D. at 104 (finding victim of child pornography belonged to vulnerable class); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding victim of sexual assault belonged to vulnerable class); *Provident Life*, 176 F.R.D. 464 (finding individual who suffered from numerous mental illnesses belonged to vulnerable class).

[4] Highly personal subject matter includes abortion, religious beliefs, and other extraordinarily personal areas. *See Megless*, 654 F.3d at 408 (listing examples where pseudonym may be appropriate including: birth control, transsexuality, welfare rights of illegitimate children, AIDS, and homosexuality); *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358 (3d Cir. 2008) (finding abortion to be personal subject matter favoring anonymity); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (finding implicated religious beliefs to be subject matter favoring anonymity).

[5] The public has an interest in granting anonymity when the consequences of revealing a litigant's identity include revelation of vulnerable parties' identities, such as children and victims of crimes. *D.M. v. County of Berks*, 929 F. Supp. 2d 390 (E.D. Pa. 2013) (anonymity of litigant required to protect identity of children allegedly sexually abused by parent); *Doe v. Eason*, No. 3:98-cv-2454-P, 1999 WL 33942103 (N.D. Tex. Aug. 4, 1999) (anonymity granted to litigant to protect identity of her sexually abused daughter).

infamy that is associated with other mental illnesses. *Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872. Courts have varied when addressing alleged perpetrators of sexual assault. In one instance of the Eastern District of Pennsylvania determined that the public interest favored anonymity in light of the private and sensitive nature of the matter (*see Doe v Trs. of Univ. of Pa.,* No. 2:16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) (Docket Entry No. 12 at 2 n.1)), while in another it found that that the public interest did not favor anonymity. *See Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, *2 (E.D. Pa. Sept. 3, 2014).

Here, the Court finds that this factor is neutral. The Court appreciates that there are arguments both for and against the public's interest in maintaining the anonymity for alleged perpetrators of sexual assault. Unfortunately, sexual assaults on college campuses are a frequent occurrence. Also recurrent are lawsuits of individuals protesting the sexual assault discipline meted out by different universities. The Court notes that many such lawsuits have been brought by individuals (*i.e.*, the alleged perpetrator of the sexual assault) suing in their own names. *See Temple Univ.*, 2014 WL 4375613 at *2 (listing cases: *Johnson v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, Civ. A. 12-515, 2013 WL 5298484 (E.D.Pa. Sept. 19, 2013), *reconsideration denied*, Civ. A. 12-515, 2014 WL 3535073 (E.D.Pa. July 17, 2014); *Dempsey v. Bucknell Univ.*, Civ. A. 4:11-cv-01 679, 2012 WL 1569826 (M.D.Pa. May 3, 2012); *Gomes v. Univ. of Me Sys.*, 365 F.Supp. 2d 6 (D.Me. 2005); *Fellheimer v. Middlebury Coll.*, 869 F.Supp. 238 (D.Vt. 1994); *Ruane v. Shippensburg Univ.*, 871 A.2d 859 (Pa. Commw.Ct. 2005)). While being associated with a disciplinary hearing regarding sexual abuse at college is no doubt undesirable, the Court finds that said association does not carry with it the risk of infamy associated with other behaviors / transgressions. As a result, the Court finds that there is not a particularly strong public interest in maintaining Plaintiff's confidentiality.

12

Fourth, the Court considers whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity. This factor does not favor granting Plaintiff's use of a pseudonym because his case is largely fact-dependent. When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants. *See L.A. v. Hoffman*, Civil Action No. 14-6985 (FLW)(DEA), 2015 WL 4461852, *2 (D.N.J. July 21, 2015) (granting plaintiffs' request to proceed anonymously in part because "Plaintiffs br[ought] a constitutional challenge to a statute as it applies to a general class of people and therefore the individual facts and circumstances surrounding each Plaintiff [we]re not of central importance to Plaintiffs' claims.")  Here, however, Plaintiff raises claims that are fact-dependent. Central to the resolution of Plaintiff's case are questions regarding the University's particular actions in relation to the specific information provided by Plaintiff and the other individuals concerned with the alleged sexual assault.  This puts the present case in stark contrast to cases like *Hoffman* where the purely legal nature of the action created an atypically weak public interest in the identities of the litigants.  As a result, the Court finds that this factor does not favor granting anonymity to Plaintiff.

Fifth, the Court considers the undesirability of an outcome adverse to the Plaintiff and attributable to his refusal to pursue the case at the price of being publicly identified. Under this factor, courts recognize the value of granting anonymity to a plaintiff who would sacrifice bringing a potentially valid claim to avoid public disclosure of his involvement with the case.  In *Megless*, the court recognized that it would harm the public if plaintiffs who wished to bring challenges against public officials for alleged abuses of power were to forego bringing their claims to preserve their anonymity. *Megless*, 654 F.3d at 410.  While the Third Circuit found that this factor favored granting anonymity, the Third Circuit also held that, standing alone, it

was not enough to outweigh the public interest in open litigation. *Id.* at 410-11 (noting that "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials").

Here, Plaintiff asserts that he may be deterred from pursuing this action if he is forced to be publicly identified. (Pl. Br. at 10). Plaintiff also argues that other similarly situated individuals may refrain from bringing similar claims if they see that the court does not grant the protection of anonymity in these situations. (*Id*.) While this would be undesirable, as the court noted in *Temple University*, the concern that "[t]hose that have been wrongly accused will be dissuaded from vindicating their rights in court because of the increased publicity that accompanies a public proceeding . . . appears unfounded." *Temple University*, 2014 WL 4375613 at *2. Indeed, as noted above, "[t]here are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities." *Id*. (citations omitted). As a result, while this factor may weigh slightly in favor of Plaintiff's Motion for Permission to Proceed under a Pseudonym, the support is weak and Plaintiff's refusal to bring claims for fear of public identification does not justify anonymity without further support.

Sixth, the Court considers whether the Plaintiff has illegitimate or ulterior motives. Plaintiff alleges that his request for anonymity stems from fears of stigma and economic harm that he may encounter if he proceeds openly. (Pl. Br. at 7-8). These fears have a reasonable basis given the nature of the allegations against him in the underlying disciplinary proceeding. The Court finds no reason to believe that Plaintiff has illegitimate or ulterior motives in seeking anonymity. Therefore, this factor supports anonymity.

Having considered the factors that would support Plaintiff's request to proceed anonymously, the Court turns to the factors that weigh against allowing a litigant to proceed

using a pseudonym.  In this regard, the Court first considers the universal level of public interest in access to the litigants' identities. The public generally has a high level of interest in knowing litigants' identities. *Temple University*, 2014 WL 4375613 at *1 (citing *Megless*, 654 F.3d at 408).  The publicness of proceedings is an essential quality of judicial proceedings. *Megless*, 654 F.3d at 408. (noting that "'[O]ne of the essential qualities of a Court of Jusitce [is] that its proceedings should be public.'" *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). People have a well-recognized right to know who is using their courts. *Id.*; *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872; *Temple Univ.*, 2014 WL 4375613, at *2.  This factor weighs heavily against Plaintiff's Motion for Permission to Proceed under a Pseudonym.

Next, the Court considers whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing Plaintiff's identity, beyond the public's interest which is normally obtained. The subject matter of this litigation is unfortunately common, and Plaintiff is not a public figure.  The Court finds that there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings.  As such, this factor does not weigh against Plaintiff's request to proceed anonymously.

Finally, the Court considers whether the opposition to Plaintiff's requested use of a pseudonym by counsel, the public, or the press is illegitimately motivated. Here, the University opposes Plaintiff's Motion for Permission to Proceed under a Pseudonym on grounds of equity and the totality of the *Provident Life* factors. (Def. Opp. Br. at 1). In short, the University argues that it would be unfair to allow Plaintiff to proceed anonymously while it must publicly defend itself in court and against the allegations Plaintiff has made through the media. (*Id.*)  The Court finds that the University's concerns are not illegitimate.  Further, there is no evidence that the

University has any ulterior motives.  As a result, the Court finds that this factor weighs against Plaintiff's request to proceed anonymously.

On balance, the Court finds that the *Provident Life* factors weigh against allowing Plaintiff to proceed through the use of a pseudonym.  Indeed, the Court finds that the public interest in this litigation remaining an open judicial proceeding outweighs Plaintiff's private interests in proceeding anonymously.   No other factors implicated by the unique circumstances of this case convince the Court otherwise.  Instead, the Court finds that the opposite is true.  In this regard, the Court finds that Plaintiff's decision to engage with the media further supports the denial of Plaintiff's request to proceed anonymously.  Fundamental fairness generally requires plaintiffs to make their accusations publicly, as it is unfair to allow a plaintiff to "hurl accusations at [a defendant] from behind 'a cloak of anonymity.'"  *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007) (citation omitted).  When a plaintiff willingly engages in disclosing information to the media about a case, this factor weighs against granting permission for the plaintiff to proceed anonymously.  *Id.* at 268 (finding that where plaintiff gave anonymous statements to media promoting its coverage of events fundamental fairness weighed against allowing use of pseudonym); *Doe v. North Carolina Cent. Univ.*, 1999 WL 1939248, *5 (M.D.N.C. Apr. 15, 1999) (finding that "it would be unfair to Defendant to allow Plaintiff to make these charges publicly, through the media, while she hides 'behind a cloak of anonymity.'")  In the present case, Plaintiff's counsel willingly made statements to the press about this matter.  (Def. Opp. Br. at 2; Ex. A to Stio Decl. at 4-5).  It would be fundamentally unfair to the University to allow Plaintiff to make these public statements while at the same time permitting him to hide behind a cloak of anonymity in these proceedings.  As a result, this

consideration further supports the Court's denial of Plaintiff's request that he be permitted to proceed anonymously.

## IV.      Conclusion

For the reasons outlined above, Plaintiff's Motion for Permission to Proceed under a Pseudonym is GRANTED in part and DENIED in part.  An appropriate Order follows.

Dated: August 7, 2018

<div align="right">

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

</div>