UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | : |
|           Plaintiff, | : Civ. A. No. 3:16-cv-04882-BRM-TJB |
| v. | : |
| RIDER UNIVERSITY, | : |
|           Defendant. | : |

### [PROPOSED] ORDER GRANTING
### JOINT MOTION TO SEAL MATERIAL

This matter having come before the Court upon the joint motion of Plaintiff John Doe ("Doe") and Defendant Rider University ("Rider"), pursuant to Local Civil Rule 5.3(c) to seal materials consisting of (1) Defendant Rider University's Memorandum of Law in Support of its Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint; (2) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint; and (3) portions of the Court's October 31, 2018 Opinion (collectively, the "Materials"); and the Court having considered any written submissions of the parties; and the Court having determined that this action involves the disclosure of highly personal and sensitive information about non-parties who are students, which includes education records protected under the Family Educational Rights and Privacy Act (FERPA), 20

U.S.C. § 1232g, and for other and good cause having been shown, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Materials that the parties seek to seal contain highly personal and sensitive information about a sexual encounter involving three students who are not parties to this litigation. The Materials also contain personal information about other Rider students who are not parties to this litigation, and this information constitutes protected education records under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

2. Given the sensitive information at issue and the FERPA-protected status of student education records, the disclosure of which poses a substantial risk of harm to the non-party students, there is no less restrictive alternative to filing the Materials under seal.

### CONCLUSIONS OF LAW

3. Upon consideration of the papers submitted in support of this motion and the confidential information contained in the Materials, the Court concludes that the parties have met their burden of proving under L. Civ. R. 5.3 and applicable case law that the material described above should be filed under seal, and no less restrictive alternative to sealing the subject material is available.

4. The foregoing conclusions are supported by relevant case law holding that the right to public access to the court filings is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent the disclosure of materials that contain "intimate facts of a personal nature." *Delanoy v. Twp. of Ocean*, No. 13-1555 (PGS)(DEA), 2015 U.S. Dist. LEXIS 83685, at *22 (D.N.J. June 29, 2015) (granting motion to seal medical records on this basis) (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)).

**BASED UPON** the foregoing findings of fact and conclusions of law:

IT IS on this 4th day of February, 2018,

**ORDERED** that the parties' Joint Motion to Seal Material is hereby **GRANTED**; and

ORDERED that the redacted version of the Court's Opinion attached to the Declaration of Angelo A. Stio III, Docket Entry No. 63-2, shall replace the public version of the Court's October 31, 2018 Opinion on Docket Entry 60, and the un-redacted version of such Opinion shall remain under seal; and

**FURTHER ORDERED** that the Materials identified by the parties are sealed.

_____
J. Tonianne J. Bongiovanni